**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10269 |
| Plaintiff-Appellee, | D.C. No. 1:03-cr-00560-SOM-4 |
| v. | |
| WALLACE SHIMABUKURO, Jr., AKA Wally Shimabukuro, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10338 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00447-SOM-1 |
| v. | |
| WALLACE I. SHIMABUKURO, Jr., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted December 4, 2019
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CALLAHAN and BADE, Circuit Judges, and BOUGH,[**] District Judge.

Wallace Shimabukuro, Jr. appeals the denial of his substantially-similar recusal motions filed in two criminal cases pending before the district court at the same time. Shimabukuro asks that the sentences in both cases be vacated and the cases remanded for resentencing by a different judge. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Shimabukuro argues recusal was required under the Due Process Clause and under 28 U.S.C. §§ 455(a) and (b)(1). The government argues Shimabukuro's claims fail on the merits.[1] We review the denial of Shimabukuro's recusal motions for abuse of discretion. *United States v. Mikhel*, 889 F.3d 1003, 1025 (9th Cir. 2018).

Even if the grounds Shimabukuro raised in favor of recusal were timely brought before the district court, all but one of the grounds were based on the district court's judicial rulings. "[J]udicial rulings alone almost never constitute a

---

[**]   The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

[1] The government argues that Shimabukuro's appeal of the district court's denial of the recusal motion in D.C. No. 1:17-cr-00447-SOM-1 is barred by an appeal waiver included in Shimabukuro's plea agreement. Waiver is not at issue in Shimabukuro's appeal from the district court's decision in D.C. No. 1:03-cr-00560-SOM-4. Because waiver is at issue in only one case and the same arguments were raised in favor of recusal in both cases, the court will address the merits of Shimabukuro's claims and will not consider the government's waiver arguments.

valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Nor do "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," suffice for such a motion, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* We find no indication of any bias or antagonism against Shimabukuro by the district court that would require recusal.

The remaining ground Shimabukuro raised in support of recusal concerned the district court's letter to this court in connection with a prior appeal by Shimabukuro. We disagree with Shimabukuro's characterization that the district court's letter contained inaccuracies and constituted an intervention in the adversarial process. Again, we find no bias or antagonism against Shimabukuro by the district court that would require recusal. Shimabukuro's due process rights were not violated as a result of the district court's denial of the recusal motions, *see Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820-21 (1986), nor were the statutory protections in §§ 455(a) or (b)(1) violated, *see Liteky*, 510 U.S. at 555-56.

**AFFIRMED**.